**Michael Henry Bathara HUTAGALUNG,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73593.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

Curtis F. Pierce, Esq., Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Michael Henry Bathara Hutagalung, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The record does not compel the conclusion that Hutagalung has shown changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Hutagalung's asylum claim.

Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, Hutagalung failed to demonstrate that it was more likely than not that he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Substantial evidence also supports the IJ's rejection of Hutagalung's assertion that he would be targeted in Indonesia because he is Americanized as speculative. *See Nagoulko*, 333 F.3d at 1018 (declining to credit a speculative future persecution claim). Accordingly, we deny the petition with respect to the withholding of removal claim.

Substantial evidence supports the IJ's determination that Hutagalung is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured by or with the acquiescence of the Indonesian government if he returns to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

